**MANDATE**

05-5342-cr
USA v. Perez

United States [District Court stamp]
Filed 12/26/07
By Karli Falcone

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

    At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of November, two thousand and seven.

PRESENT:

    HON. JOHN M. WALKER, JR.,
    HON. GUIDO CALABRESI,
              *Circuit Judges.*
    HON. JOHN F. KEENAN,
              *District Judge.*



---

UNITED STATES OF AMERICA,

        *Appellee,*

  -v.-

                         Nos. 05-5342-cr(L), 06-0472-

---

*The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.

ISSUED AS MANDATE:
12/26/07

cr(con), 06-1040-cr(con)

WILFREDO PEREZ, aka Wil, aka Wilfred, FAUSTO GONZALEZ aka Fast, SANTIAGO FELICIANO aka Jay, aka Fat Jay,

*Defendants-Appellants,*

Jose Antonio Perez aka Tony, Raymond Pina aka shorty,

*Defendants.*

---

For Appellee:       DAVID A. RING, Assistant United States Attorney, *for* Kevin J. O'Connor, United States Attorney for the District of Connecticut (William J. Nardini, Assistant United States Attorney, *on the brief*), New Haven, Conn.

For Defendants-Appellants:   RICHARD A. REEVE, Sheehan & Reeve, New Haven, Conn., *for* Defendant-Appellant Perez;
WILLIAM T. KOCH, JR., Lyme, Conn., *for* Defendant-Appellant Gonzalez;
Dan E. LaBelle, Halloran & Sage LLP, Westport, Conn., *for* Defendant-Appellant Feliciano.

Appeal from the United States District Court for the District of Connecticut (Arterton, *J.*).

---

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED** as to Defendants-Appellants Perez and Gonzalez. Defendant-Appellant Feliciano's appeal is **UNCONSOLIDATED** and his attorney is directed to file a supplemental *Anders* brief.

---

Defendants-Appellants Wilfredo Perez, Fausto Gonzalez, and Santiago Feliciano appeal from their convictions and sentences on various charges arising out of the 1996 murder-for-hire of Teddy Casiano. We assume the parties' familiarity with the facts and procedural history of the case.

1  Appellant Perez moved for a new trial on the ground that the testimony of the cooperating
2  witnesses was unreliable. The district court denied that motion. We review rulings on new trial
3  motions for abuse of discretion. *United States v. Canova*, 412 F.3d 331, 348 (2d Cir. 2005). But
4  "[i]t is only where exceptional circumstances can be demonstrated that the trial judge may
5  intrude upon the jury function of credibility assessment." *United States v. Sanchez*, 969 F.2d
6  1409, 1414 (2d Cir. 1992). It may be done, for example, "[w]here testimony is patently
7  incredible or defies physical realities." *Id.* Here, defense counsel ably cross-examined each of
8  the Government witnesses and pointed out inconsistencies to the jury. The jury found that there
9  was enough credible evidence to demonstrate beyond a reasonable doubt that Perez was guilty of
10 the crimes charged. On the new trial motion, the district court reviewed the testimony and
11 concluded that there was sufficient agreement amongst the witnesses to bring the jury's finding
12 of guilt well within the range of the acceptable. We do not believe this decision was an abuse of
13 discretion.

14  Appellants Perez and Gonzalez both challenge certain evidentiary rulings. We review
15 such rulings for abuse of discretion. *United States v. Holland*, 381 F.3d 80, 85 (2d Cir. 2004);
16 *see also United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006) ("Under Rule 403, so long
17 as the district court has conscientiously balanced the proffered evidence's probative value with
18 the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational."). The
19 district court admitted firearms and ammunition—which concededly were not used in the killing
20 of Casiano—as evidence that Perez's purpose in murdering Casiano was to maintain or increase
21 his position in a racketeering enterprise, an element of the offense of committing murder in
22 furtherance of a racketeering enterprise. 18 U.S.C. § 1959; *United States v. Concepcion*, 983

1  F.2d 369, 381 (2d Cir. 1992). Appellant offered not to contest this element of the offense, but he
2  never offered to stipulate to it, which meant that the burden of proof on the element remained
3  with the Government. *See United States v. Parkes*, 497 F.3d 220, 226 (2d Cir. 2007). We cannot
4  say that the district court abused its discretion in admitting this evidence expressly for the above-
5  mentioned purpose.

6  Appellant Gonzalez challenges the admission of testimony that he bragged about
7  committing other murders. The district court found that Gonzalez's counsel opened the door to
8  this testimony by suggesting that the Government witness lied about having asked Gonzalez to
9  commit the murder, because a cautious criminal like the witness would not approach a stranger
10 with such a request. We have held that "an 'impeached witness may always endeavor to explain
11 away the effect of [a] supposed inconsistency by relating whatever circumstances would naturally
12 remove it.'" *United States v. DeLillo*, 620 F.2d 939, 945 (2d Cir. 1980) (alteration in original)
13 (quoting *United States v. Cirillo*, 468 F.2d 1233, 1240 (2d Cir. 1972)). Here, the witness's
14 testimony was clearly aimed at providing a reason why he would have approached Gonzalez
15 about committing the murder, despite knowing him only casually. It therefore served to explain
16 away an apparent inconsistency created by cross-examination. Accordingly, we cannot say that
17 the district court abused its discretion in admitting the testimony.

18 Appellant Perez argues that the district court incorrectly held that it did not have the
19 authority to impose a fine-only sentence for three of the counts on which he was convicted, under
20 18 U.S.C. §§ 1958 and 1959(a)(1). We have held otherwise. *United States v. James*, 239 F.3d
21 120, 126-27 (2d Cir. 2000). Appellant acknowledges this and urges us to overrule *James*. This
22 we cannot do. *See Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 327 (2d Cir. 2004).

Appellant Gonzalez contends that the district court's supplemental jury charge on the issue of reasonable doubt was defective. We review jury instructions *de novo*. *United States v. Males*, 459 F.3d 154, 156 (2d Cir. 2006). "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *United States v. Pimentel*, 346 F.3d 285, 301 (2d Cir. 2003) (internal quotation marks omitted). The district court's charge was a proper statement of the law, and we do not find it misleading in any way.

Accordingly, the judgments of the district court are AFFIRMED as to Appellants Perez and Gonzalez.

Finally, Appellant Feliciano, who pled guilty to conspiracy to commit murder-for-hire, 18 U.S.C. § 1958, challenges the reasonableness of his sentence. His attorney has filed a motion to be relieved as counsel, pursuant to *Anders v. California*, 386 U.S. 738 (1967). We require that *Anders* briefs contain a discussion of the propriety of the Sentencing Guidelines calculations and sentencing hearing that specifically addresses the substantive and procedural reasonableness of the sentence. *United States v. Whitley*, 503 F.3d 74, 77 (2d Cir. 2007). Feliciano's attorney has neglected to address the procedural and substantive reasonableness of the sentence in his *Anders* brief. We therefore ORDER that a decision on the *Anders* motion and on the Government's motion for summary affirmance of Feliciano's sentence be DEFERRED pending further briefing. Feliciano's attorney, Dan E. LaBelle, is directed to submit, within twenty-one days of this Court's order, a supplemental *Anders* brief addressing either (a) the propriety of the district court's findings that affected its Sentencing Guidelines calculations, the propriety of the Sentencing Guidelines calculations themselves, and the procedural and substantive reasonableness of Feliciano's sentence in light of the Guidelines calculations, *see Whitley*, 503

F.3d at 77; *see also United States v. Crosby*, 397 F.3d 103, 115 (2d Cir. 2005); *United States v. Urena*, 23 F.3d 707, 708-09 (2d Cir. 1994), or (b) why, under *United States v. Sharpley*, 399 F.3d 123 (2d Cir. 2005), a discussion of the reasonableness of Feliciano's sentence is unnecessary.

Mr. LaBelle is also directed to file an affidavit or affirmation with this Court explaining that he has served his client with copies of the supplemental *Anders* brief and informed him that any *pro se* response to the supplemental *Anders* brief must be filed with this Court within twenty days of LaBelle's filing of the supplemental brief in this Court.

It is also ORDERED that Appellant Feliciano's appeal is unconsolidated from the appeals of Appellants Perez and Gonzalez. After the supplemental *Anders* brief is filed, the motions will be submitted to a new panel of this Court in the ordinary course.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of the Court

By: _____